IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Civil Action No.: 08 C 5827 |
| v. | ) (05 CR 316-1) ) |
| CALVIN BIGGS | ) Suzanne B. Conlon, Judge ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Calvin Biggs was convicted of possession of cocaine with intent to distribute and possession of a firearm as a convicted felon. The Seventh Circuit affirmed his conviction. *United States v. Biggs*, 491 F.3d 616 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 828, 169 L.Ed.2d 624 (2007). Biggs, now *pro se*, challenges his conviction and sentence under 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel, and violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1967).

### Background

The following facts are drawn from the Seventh Circuit opinion affirming Biggs' conviction. Biggs was arrested by Chicago police officers Patrick Thelan and Michael Stack. Thelan and Stack received information from an anonymous source that a heavyset black man in a cream-colored sweater was selling drugs at a particular intersection. Thelan and Stack drove to the intersection and observed Biggs, who fit the description, on the corner. They parked approximately 50 to 75 feet away and watched him through binoculars. They observed three suspected drug transactions. Individuals gave Biggs money in return for something from the back of his pants. After 15 minutes, they drove closer to speak with him. Biggs fled when he

saw Thelan and Stack approaching. They pursued him to a nearby apartment where they saw him remove a plastic bag from his pants and throw it to the ground. Stack recovered the bag; it contained 2.3 grams of crack cocaine. Thelan and Stack then placed Biggs under arrest.

Thelan and Stack read Biggs his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After stating that he could not return to prison, Biggs offered to exchange guns for his release. Thelan and Stack questioned him about the guns, but did not agree to release him. They drove Biggs to a parking lot where two other officers were present. Biggs signed a consent to search form for a second apartment. Another officer arrived to take Biggs to jail. Thelan, Stack, and the two other officers went to the second apartment where they found two guns and a bag containing 110.3 grams of crack cocaine.

Biggs was indicted for possession with intent to distribute crack cocaine and possession of firearms as a convicted felon. He moved to suppress the evidence of the guns and drugs and to quash his arrest based on lack of probable cause and involuntary consent to search. The motion was referred to a magistrate judge who conducted an evidentiary hearing. Biggs denied he was the individual Thelan and Stack observed; rather, he claimed he was forced to sign the consent form. The magistrate judge found Biggs' version of events and defense witnesses lacked credibility and recommended the motions be denied. This court adopted the recommendation. After a jury trial, Biggs was convicted on both counts. He was sentenced to 360 months imprisonment.

On appeal, Biggs claimed he was arrested without probable cause, he did not voluntarily consent to the search of the second apartment, he was prejudiced when the jury was allowed to handle the 2.3 grams of crack cocaine, and his sentence was unreasonable. The Seventh Circuit

rejected Biggs' arguments and affirmed his conviction. The Supreme Court denied *certiorari*. 128 S.Ct. 828, 169 L.Ed.2d 624.

## Discussion

### I. Governing Standard

Section 2255 relief is only available in limited circumstances, such as a constitutional injury or a complete miscarriage of justice. *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). In determining whether to grant a § 2255 motion, all evidence and reasonable inferences are drawn in the light most favorable to the government. *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

### II. Ineffective Assistance of Counsel

Biggs claims his trial and appellate counsel provided ineffective assistance. He must satisfy the two-pronged *Strickland v. Washington* test. 466 U.S. 688, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must show his attorneys' performances fell below an objective standard of reasonableness under prevailing professional norms. *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Second, he must prove the errors were prejudicial. *Cooper v. United States*, 378 F.3d 638, 640-41 (7th Cir. 2004). Specifically, he must show there is a reasonable probability the result of the proceedings would have been different except for his attorneys' errors. *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004) (quoting *Strickland*, 466 U.S. at 694).

Review of an ineffective assistance claim is highly deferential to counsel. *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002). Biggs must rebut the presumption that counsel made reasonable strategic choices. *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002).

3

It is not the role of the court to second-guess counsel's strategies. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997).

## A. Trial Counsel

Biggs claims his trial counsel was ineffective because he failed to subpoena an inventory sheet relating to his arrest, failed to call several witnesses at trial, and did not argue for a downward departure from the sentencing guidelines. The government responds that Biggs cannot show his counsel's actions fell below an objective standard of reasonableness or that he was prejudiced by the alleged errors.

### I. Inventory Sheet

Biggs contends the inventory sheet from his booking would show he was not wearing a cream-colored sweatshirt at the time of his arrest, undermining Thelan's and Stack's testimony. Biggs cannot show that counsel's failure to obtain the inventory fell below an objective standard of reasonableness. *Richardson*, 379 F.3d at 487. Instead of obtaining the inventory sheet, counsel introduced Biggs' booking photograph, showing him in a green jersey, to undermine Thelan's and Stack's identification of Biggs. R & R at 13; Trial Tr. at 73-74.[1] Biggs fails to explain how using the booking photograph instead of the inventory sheet was not a reasonable strategic decision.

Even if it was an error to not subpoena the inventory sheet, Biggs fails to show that he was prejudiced. Thelen and Stack directly observed Biggs engage in three narcotics transactions and drop a bag containing 2.3 grams of crack cocaine. When they approached, Biggs fled and

---

[1] "R & R" refers to the magistrate judge's report and recommendation. "Trial Tr." refers to the trial transcript. "Sent. Tr." designates the sentencing hearing transcript.

they pursued him to the basement apartment. He voluntarily consented to a search of the second apartment, where two guns and 110.3 grams of crack cocaine were found. The issue of the cream-colored sweatshirt was already before the magistrate judge and the jury. At trial, a detention aide testified that detainees are routinely asked to remove all outer clothing, such as sweaters or sweatshirts, before being searched or photographed. Trial Tr. at 172-75. He explained that a sweater would not be inventoried or appear in a booking photograph. *Id.* at 180. Biggs fails to show a reasonable probability that the result of the proceedings would have been different had counsel subpoenaed the inventory sheet. *Benefiel*, 357 F.3d at 661.

### ii. Witnesses

Biggs argues counsel erred in failing to call Emrick Burks, Annette Lane, and Nicole Bailey as witnesses at trial. Whether to call a witness is generally considered a strategic decision that is not subject to review. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005) (citation omitted). Ineffective assistance in not calling witnesses depends on factors such as counsel's diligence, the likely relevance of the testimony, alternative testimony available, and the strength of the case. *Id.*

Biggs asserts the witnesses would have testified he was not on the streets the night of his arrest. Trial counsel called Burks, Lane, and Bailey as witnesses during the suppression hearing. The magistrate judge found their testimony was not credible because they were biased and their stories were inconsistent and implausible. R & R at 9-11. One witness admitted she was willing to lie to the court to protect others. R & R at 10. At trial, counsel presented several witnesses to testify that Biggs was not on the street before the arrest. *See, e.g.,* Trial Tr. at 233-34. Counsel was familiar with the testimony and credibility issues of Burks, Lane, and Bailey; his decision

not to call them at trial was strategic and not subject to review. *Best*, 426 F.3d at 945.

### iii. Sentencing

Biggs claims his trial counsel was ineffective for failing to dispute the career offender enhancement pursuant to § 4B1.1, and that criminal history category VI overstated his criminal record. His contentions are not supported by the record. He had at least two prior felony convictions for drug offenses. Present. Report at 5-9. There was no basis in law for counsel to argue the career offender provision was inapplicable.

Trial counsel did in fact argue that category VI overstated Biggs' criminal record. Sent. Tr. 9-10. The argument was meritless, and a more expansive argument was unwarranted because Biggs had an extensive criminal history: six qualifying convictions exceeding the points for category VI. Trial counsel was not ineffective for failing to make a frivolous argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

### B. Appellate Counsel

Biggs claims appellate counsel was ineffective because he failed to challenge the four-level enhancement under § 2K2.1(b)(6) for possession of a firearm in connection with a drug trafficking offense. Not only was the four-level enhancement warranted, but it did not factor into the sentencing calculations. Biggs' guns were found in close proximity to 110.3 grams of crack cocaine. Section 2K2.1(b)(6) enhancement is applicable when firearms are found in close proximity to drugs. U.S.S.G. § 2K2.1 App. Notes at 14(B); *United States v. Lang*, 537 F.3d 718, 721 (7th Cir. 2008). An argument based on the inapplicability of the enhancement would have been meritless. *Fuller*, 398 F.3d at 652.

Even if application of the four-level enhancement was erroneous, it did not affect Biggs'

6

sentence. The enhancement was applied to Count Two for an offense level of 28. Sent. Tr. at 3. Count One's offense level was 34. *Id.* While Count One was enhanced pursuant to § 2D1.1(b)(1) for the two firearms in the second apartment, the enhancement was properly applied. *See United States v. Luster*, 480 F.3d 551, 558 (7th Cir. 2007) (section 2D1.1(b)(1) enhancement appropriate if firearms are found stored in close proximity to drugs). Under the multiple count adjustment procedure, only Count One's offense level was used. Sent. Tr. at 3. Biggs qualified as a career offender and armed career offender. Under either category, his offense level increased to 37. *Id.* at 4. Appellate counsel's performance did not fall below an objective standard of reasonableness and the alleged errors did not affect Biggs' sentence.

## III. *Brady* Violations

Biggs argues the government violated its duty to disclose materially favorable *Brady* information because the government withheld the inventory sheet relating to his arrest. The government responds that the *Brady* claim is barred by procedural default. Biggs did not raise this issue on direct appeal. *Coleman v. United States*, 318 F.3d 753, 760 (7th Cir. 2003) (§ 2255 is not a substitute for direct appeal). Because Biggs did not raise a *Brady* claim on appeal, he must either demonstrate good cause for the procedural default and actual prejudice, or that refusal to consider the *Brady* claim would result in a fundamental miscarriage of justice. *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002).

Biggs fails to show cause for his failure to raise the *Brady* claim on appeal. He admits he was aware of the existence of the inventory sheet and its content prior to his appeal. Biggs Petition at 4. While he asserts trial counsel was ineffective in failing to subpoena the inventory sheet, that evidence was readily available to appellate counsel.

Even if Biggs could show cause for the procedural default, he could not show prejudice. The *Brady* claim lacks merit. He must show: (1) the evidence was favorable; (2) it was suppressed by the government; and (3) it was material. *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). Evidence is material under *Brady* if there is a reasonable probability that the outcome of the proceeding would have been different had the evidence been disclosed. *Badelle v. Correll*, 452 F.3d 648, 655 (7th Cir. 2006). Biggs cannot show that the inventory sheet was suppressed or that it was material. By his own admission, he was aware of the inventory sheet and his counsel merely chose not to subpoena it. Biggs Petition at 4; *see Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005) (no *Brady* violation when defendant was aware of information that was readily available by subpoena). Biggs has not demonstrated there is a reasonable probability the outcome of the trial would have been different had the inventory sheet been introduced.

Nor has Biggs demonstrated that refusing to consider the *Brady* claim would result in a fundamental miscarriage of justice. This is not a situation that suggests the conviction of an innocent man. *Wrinkles v. Buss*, 537 F.3d 804, 812 n.3 (7th Cir. 2008). There was overwhelming evidence of guilt.

## CONCLUSION

Biggs fails to show that his trial or appellate counsel provided ineffective assistance. The *Brady* claim is procedurally defaulted and meritless. The motion to set aside his conviction and sentence under 28 U.S.C. § 2255 is denied.

ENTER:

*[signature: Suzanne B. Conlon]*

December 18, 2008

Suzanne B. Conlon
United States District Judge